Lori J. KNIGHT, Appellant,

v.

NORTHWEST SAVINGS BANK, David P. Brandt, Esquire, Stephen S. Knight and Robin Luke Knight, his wife, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 11, 2000.

Filed Feb. 15, 2000.

Armand R. Cingolani, Butler, for appellant.

Robert Varsek, Oil City, for Northwest Sav. Bank, appellee.

James R. Schadel, Pittsburgh, for David P. Brandt, Esq., appellee.

Before KELLY, JOHNSON and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Lori J. Knight, appeals the February 10, 1999 Order granting the motion for judgment on the pleadings in favor of appellee, Northwest Savings Bank, and sustaining the preliminary objections of, and dismissing the cause of action against appellees, David P. Brandt, Esquire, and Stephen S. and Robin L. Knight.

¶ 2 Appellant and appellee, Stephen Knight ("Knight"), were involved in a child support dispute, wherein Knight claimed appellant owed support and medical expenses for their son. The Domestic Relations section filed a Complaint for Support and a hearing before a master was scheduled for May 12, 1998. Appellee, David Brandt, Esquire ("Brandt"), was a contracted "IV–D" attorney for Domestic Relations.[1] Brandt issued a subpoena to appellee, Northwest Savings Bank ("Northwest"), on behalf of Domestic Relations, requesting the production of appellant's checking account statements and the testimony of a bank custodian at the master's hearing. Prior to the hearing, Brandt met with Northwest to retrieve the statements ordered pursuant to the subpoena and informed them that the testimony of a bank custodian was not necessary at the master's hearing. During the hearing, Brandt used the account statements to cross-examine appellant about her annual income. Thereafter, appellant filed a suit against Brandt, Knight and Northwest for trespass, invasion of privacy and breach of trust and confidential relations. The trial court dismissed appellant's cause of action against Brandt and Knight and granted Northwest's motion for judgment on the pleadings, finding that the statements were obtained by a subpoena, which was properly issued pursuant to the Domestic Relations Code. This timely appeal followed.

¶ 3 On appeal, appellant presents the following questions for our review:

I. Did the lower court abuse its discretion when it found the subpoena rules were not violated under Pa.R.C.P. 234.1 and ignored the violation of the support rules which hold there is not discovery as a matter of law without leave of court under Pa.R.C.P.1910.9, 1910.11(j), 1910.12(c), 1930.5 and 4001 *et seq.*, where a IV–D attorney Brandt and a private party Knight required Domestic Relations to issue a subpoena under the Domestic Relations power to short cut the support rules;

II. Did the lower court abuse its discretion in finding that the Domestic Relations section lawfully issued a subpoena to enforce a support obligation at the request of a IV–D attorney acting outside the scope of his employment be-

---

1. Pursuant to Title IV, **Grants to the States for Aid and Services to Needy Families with Children and for Child–Welfare Services**, D, **Child Support and Establishment of Paternity**, of the Social Security Act, 42 U.S.C. § 301 *et seq.*, Brandt contracted with Venango County to appear as counsel in child support matters. An "IV–D" attorney may represent any complainant or the Commonwealth in a support matter. *See* 23 Pa.C.S.A. § 4306, **Duties of Title IV–D attorney**, (b), **Representation of complainant**, and (b.1), **Representation of Commonwealth**.

cause it did not have regulations or court supervision to control the issuance of subpoenas to the proper parties;

III. Did the lower court abuse its discretion in finding IV–D attorney Brandt was in the employment of Domestic Relations when in fact he was acting as an agent for and doing the bidding of Stephen Knight, a private party;

IV. Did the lower court abuse its discretion when it found as a matter of law defendant Brandt, the IV–D attorney had to have a duty and to breach a duty in tort in order to be liable in tort, where the defendant Brandt actually was intentional tortfeasor; and

V. Did the lower court abuse its discretion in sustaining the Bank's preliminary objections law where the Bank waived acceptance of a Domestic Relations subpoena, and where in consideration of not having to employ an employee custodian of the records to come to the support hearing, the Bank simply gave the confidential records to defendant Brandt and defendant Knight to the detriment and actual harm of the plaintiff, a customer of the Bank?

(Appellant's Brief at 8.)

¶ 4 Appellant argues the trial court erred in sustaining the preliminary objections of Brandt because he failed to obtain leave of court for discovery of the account statements and failed to notify her before serving the subpoena on Northwest. In addition, her account statements were not relevant and, therefore, discovery would not have been proper. Brandt contends the account statements were properly subpoenaed pursuant to the power of the Domestic Relations Court as granted by the Domestic Relations Code.

¶ 5 Our review of the trial court's Order sustaining preliminary objections was recently stated as follows:

> In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. Pa.R.C.P. 1028(c) provides that if an issue of fact is raised in preliminary objections, the trial court shall consider evidence "by depositions or otherwise." In conducting our appellate review, we observe that preliminary objections, the end result of which would be dismissal of the action, may be properly sustained by the trial court only if the case is free and clear of doubt.

*Filter v. McCabe*, 733 A.2d 1274, 1276 (Pa.Super.1999) (citations omitted).

¶ 6 In 1975, Congress enacted Title IV–D of the Social Security Act, 42 U.S.C. § 301 *et seq.*, which requires as a condition of aid that a state establish a comprehensive program for both child support enforcement and determination of paternity. Pennsylvania has provided the Department of Public Welfare the authority to conduct expedited support obligation hearings pursuant to the mandate set forth in 42 U.S.C. § 666, **Requirement of statutorily prescribed procedures to improve effectiveness of child support enforcement,** (c), **Expedited procedures,** which provides:

¶ 7 The procedures specified in this subsection are the following:

(1) Administrative action by State agency. Procedures which give the State agency the authority to take the following actions relating to establishment of paternity or to establishment, modification, or enforcement of support orders, without the necessity of obtaining an order from any other judicial or administrative tribunal, and to recognize and enforce the authority

of State agencies of other States to take the following actions:

\* \* \*

(D) Access to information contained in certain records. To obtain access, subject to safeguards on privacy and information security, and subject to the nonliability of entities that afford such access under this subparagraph, to information contained in the following records (including automated access, in the case of records maintained in automated databases):

\* \* \*

(II) information (including information on assets and liabilities) on such individuals held by financial institutions.

42 U.S.C. § 666(c)(1)(D)(ii)(II). *See* 23 Pa. C.S.A. § 4305, **General administration of support matters.**

¶ 8 Appellant argues the provisions of the Domestic Relations Code, specifically section 4305, do not supercede the requirements of Rule 1910.9, **Discovery,** which "permit[s] discovery in accordance with R.C.P. 4001 *et seq.* in any support matter which has been designated complex. In all other support matters discovery is permitted by leave of court." *Explanatory Comment—1997.* Furthermore, she claims Brandt was required to give her notice according to Rule 4009.21, **Subpoena upon a person not a party for production of documents and things. Prior notice. Objections,** (a) which provides "a party seeking production from a person not a party to the action shall give written notice to every other party ... at least twenty days before the date of service." Pa. R.C.P. 4009.21(a).

¶ 9 Section 4305 of the Domestic Relations Code provides:

(a) Powers and duties.—Subject to any inconsistent general rules and to the supervision and direction of the court,

the domestic relations section shall have the power and duty to:

\* \* \*

(8) Furnish the court with such information and assistance as it may require and generally perform such services as it may direct relating to support proceedings.

\* \* \*

(b) Additional powers.—Subject to the supervision and direction of the court but without the need for prior judicial order, the domestic relations section shall have the power to expedite the establishment and enforcement of support to:

\* \* \*

(5) Issue subpoenas for the records held by financial institutions with respect to individuals who are owed support or against whom or with respect to whom a support obligation is sought.

23 Pa.C.S.A. § 4305(a)(8) and (b)(5). The issuance of a subpoena is governed by Pa.R.C.P. 234.1, **Subpoena to attend and testify,** which provides:

(a) A subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person.

Pa.R.C.P. 234.1(a). The note and explanatory comment to Rule 234.1 states that "it is not the intent of the Committee that the twenty-day notice requirement [of Rule 4009.21(a) ] be applied to a subpoena issued under Rule 234.1."

■ ¶ 10 In this case, it is clear that, pursuant to section 4305, Domestic Relations issued the subpoena served on Northwest to obtain appellant's account statements. Brandt was under contract

with the Domestic Relations section to represent either the complainant or the Commonwealth in a custody matter pursuant to 23 Pa.C.S.A. § 4306, **Duties of Title IV–D attorney**. He was required to "aid in enforcement of the duty of child support...and cooperate with the domestic relations section in the presentation of complaints...." *Id.*, § 4306(a), **General rule**. In execution of these duties, Brandt solicited Domestic Relations to issue a subpoena for appellant's account statements in order to establish her ability to pay the medical expenses of her child. We find this to be wholly within the authority granted to him by the Domestic Relations Code. Furthermore, Domestic Relations was not required to follow the procedure outlined in Rules 4001 and 4009.21 because it was not conducting "discovery" as a party to an action. Domestic Relations was within the procedure contemplated by Rule 234.1 and, thus, we conclude the subpoena was issued in accordance with Pennsylvania law.

¶ 11 In light of the foregoing analysis, appellant's contention that Brandt was not authorized to obtain a subpoena from Domestic Relations must fail. Furthermore, appellant's argument that Brandt was acting on behalf of Knight, and not Domestic Relations, is not supported by the facts as found by the trial court. The county "IV–D" attorney is required to aid and cooperate with Domestic Relations at all times pursuant to section 4306, *supra*. Upon review of the record, we find that Brandt was acting on behalf of Domestic Relations when he presented the subpoena to Northwest and utilized the account statements during the proceedings.

¶ 12 Appellant further argues Brandt and Knight intentionally invaded her privacy by obtaining the account statements without the proper leave of court. Based on the forgoing discussion, however, we cannot find Brandt or Knight liable for an intentional tort arising from the custody proceeding.

¶ 13 This Court has stated:

When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them. The privilege applies to communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought. If the communication falls within that category, no action will lie for the communication.

*Clodgo v. Bowman*, 411 Pa.Super. 267, 601 A.2d 342, 344 (1992) (citation omitted).

¶ 14 In this case, there is no doubt the acquisition and use of appellant's account statements was made in the course of a judicial proceeding. The statements were acquired pursuant to the Domestic Relations' subpoena and were introduced to the court and the parties in the support action.[2] Further, they were material and relevant to the determination of appellant's ability to pay for her child's medical expenses. Accordingly, we find Brandt and Knight immune from liability for trespass or invasion of privacy and that the trial court did not err in sustaining the preliminary objections.[3]

---

**2.** Although appellant sued in trespass and for invasion of privacy, this Court has stated, "While the immunity issue has been addressed most often in the context of defamation and related actions, our review of the relevant authority compels us to conclude that the form of the action is irrelevant to its application." *Clodgo v. Bowman*, 411 Pa.Super. 267, 601 A.2d 342, 344–45 (1992). *See also Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950 (1988) (Pennsylvania has ex-

tended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings).

**3.** In addition to the judicial immunity protecting attorney Brandt, the Domestic Relations Code provides:

The department, a court, a domestic relations section or an *authorized employee* of such an entity requesting information under this section or ordering the seizure, encum-

¶ 15 Finally, appellant contends the trial court erred in granting Northwest's motion for judgment on the pleadings. Specifically, she claims Northwest invaded her privacy and committed a trespass when it revealed her account statements and failed to provide a custodian of the records for examination at the support hearing. Furthermore, appellant argues Northwest lost the immunity granted by Title IV of the Social Security Act because the bank acted in bad faith.

¶ 16 Our review of a trial court's order granting a motion for judgment on the pleadings is well settled.

> Our review of a trial court's decision to grant judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Edwards v. Germantown Hosp.*, 736 A.2d 612, 614 (Pa.Super.1999).

¶ 17 Section 669, **Nonliability for financial institutions providing financial records to State child support enforcement agencies in child support cases**, of the Social Security Act provides:

> (a) In general. Notwithstanding any other provision of Federal or State law, a financial institution shall not be liable under any Federal or State law to any person for disclosing any financial record of an individual to a State child support enforcement agency attempting to establish, modify, or enforce a child support obligation of such individual, or for disclosing any such record to the Federal Parent Locator Service pursuant to section 466(a)(17)(A).

42 U.S.C.A. § 669(a). In addition, the Domestic Relations Code provides immunity to a financial institution that discloses information for the purposes of establishing support obligations. *See* 23 Pa.C.S.A. § 4304.1(e).

¶ 18 Based on the averments in the pleadings, it is clear that Northwest, as the custodian of appellant's checking account and financial statements, acted properly and in good faith pursuant to the subpoena issued by Domestic Relations. Northwest was the source of relevant information pertaining to appellant's ability to pay the child support requested by appellee Knight. The account statements were not misused and not disclosed to unauthorized persons. Accordingly, Northwest is immune from civil liability for trespass, invasion of privacy and breach of trust and confidential relations.

¶ 19 In light of the forgoing discussion, we find appellee Brandt acted properly in presenting the Domestic Relations' subpoena to Northwest and utilizing appellant's account statements in the support hearing. In addition, Northwest acted properly in surrendering appellant's account statements and, thus, cannot be liable in tort. Accordingly, the trial court did not err in sustaining the preliminary objections of Brandt and Knight and in granting Northwest's motion for judgment on the pleadings.

¶ 20 Order affirmed.

---

brance or surrender of an asset held by a financial institution *shall not* be subject to any civil or criminal liability.

23 Pa.C.S.A. § 4304.1, **Cooperation of government and nongovernment agencies**, (e), **Immunity** (emphasis added).