**GLASSMERE FUEL SERVICE, INC., Appellant**

v.

**Robin CLEAR, Individually and d/b/a Clear's Country Cupboard, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 5, 2005.

Filed May 15, 2006.

Alan S. Miller, Pittsburgh, for appellant.

Matthew A. Jarrell, Pittsburgh, for appellee.

BEFORE: HUDOCK, PANELLA, and TAMILIA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Glassmere Fuel Services, Inc., appeals from the order entered on December 28, 2004, and amended on January 4, 2005, by the Honorable C. Gus Kwidis, Court of Common Pleas of Beaver County, which granted the preliminary objections of Appellee, Robin Clear, individually and d/b/a Clear's Country Cupboard ("Clear"), and dismissed Glassmere's Complaint. After careful review, we affirm.

¶ 2 Glassmere is a retail and wholesale fuel supply company which distributes "BP" branded petroleum products. Clear owned and operated a gasoline filling station and convenience store located at the intersection of Knob Road, Deer Lane Extension, and Pennsylvania Route 68, in New Brighton, Beaver County, Pennsylvania. On November 18, 1997, Glassmere entered into a Wholesale Supply Agreement (hereinafter "the Agreement") with Clear.

¶ 3 The Agreement provided that Glassmere would supply equipment for the conversion of Clear's convenience store and gas station into a "BP" station. In exchange, Glassmere would receive the exclusive rights to supply "BP" brand petroleum products. Furthermore, the Agreement provided that Clear would allow Glassmere to place a lien in the amount of $125,000.00 on Clear's station property. Finally, the Agreement provided that Glassmere would be repaid for its investment through a rebate program with BP Oil itself. Under the rebate program, Clear would receive 2.75 cents per gallon sold for three years. The Agreement required Clear to repay Glassmere for its investment with the money generated by this rebate program.

¶ 4 Pursuant to the agreement, Glassmere acquired the necessary equipment for the conversion and installed a cover designed to overhang the gas pumps at the Clear property. The cover had a stipulated value of $125,000.00. None of the other equipment acquired by Glassmere was ever conveyed to the Clear property, as Glassmere contended that Clear was not fulfilling its obligations under the Agreement.

¶ 5 On March 24, 2004, Glassmere filed a Complaint alleging that Clear had failed to obtain financing in violation of an "implied term" of the Agreement. In addition, Glassmere sought recovery of damages for the partial delivery of equipment, as well as liquidated damages in the amount of "3.5 cents per gallon times the monthly minimum gallon requirement" pursuant to the terms of the Agreement. Trial Court Opinion, 12/28/04, at 2.

¶ 6 On May 21, 2004, Clear subsequently filed preliminary objections to Glassmere's complaint, in the nature of a demurrer, averring that the Agreement did not expressly require Clear to obtain financing, and also that any implied terms were outside the four-corners of the documents and could not be considered pursuant to the integration clause in the agreement.[1] Clear also raised a motion to strike Glassmere's claim under the Agreement's liquidated damages clause. *Id.*

¶ 7 On December 21, 2004, argument was held before the trial court on Clear's preliminary objections after which, on December 28, 2004, the trial court entered an order granting Clear's preliminary objections. Subsequent thereto, on January 4, 2005, the trial court issued an Amended Order which dismissed Glassmere's complaint on the basis of its December 28, 2004, "Opinion & Order." This timely appeal followed.

¶ 8 On appeal, Glassmere raises the follow issues for our review:

1. Did [Glassmere] adequately set forth a claim for breach of an implied term of the Wholesale Supply Agreement between the parties?

2. Did the trial court err in making factual determinations contrary to and beyond the scope of the averments set forth in the Complaint, which the trial court was bound to assume as true?

Appellant's Brief, at 3.

¶ 9 "When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing the suit, our scope of review is plenary." *DeMary v. Latrobe Printing and Pub. Co.,* 762 A.2d 758, 761 (Pa.Super.2000) (*en banc*), *appeal denied,* 567 Pa. 725, 786 A.2d 988 (2001) (citation omitted). Consequently, "we are bound neither by the inferences drawn by the trial

---

1. The integration clause contained in the Agreement provided as follows:

 25. *Entire Agreement.* This instrument contains the entire and only Agreement between the parties respecting the sale to and the purchase and distribution by the DEALER of gasoline and oil products, and *any representation, warrant, covenant, promise or condition in connection therewith not incorporated herein shall not be binding upon either party.* This instrument supersedes all pre-existing agreements between the parties relating to the purchase, sale, distribution, or servicing by the DEALER of such gasoline and oil products provided, however, these obligations with respect to merchandise sold or delivered to the DEALER prior to the effective date of such dealership shall continue in full force and shall in now way be affected by this instrument. This Agreement may not be altered, waived, or amended unless said change or amendment is in writing and signed by an authorized representative of GLASSMERE and DEALER.

 Supply Agreement, at 11 (emphasis added).

court, nor by its conclusions of law." *Sclabassi v. Nationwide Mutual Fire Insurance Co.*, 789 A.2d 699, 701 (Pa.Super.2001), *appeal denied*, 568 Pa. 722, 797 A.2d 915 (2002) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1057 (Pa.Super.1999)). This Court has further provided that:

> In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts.... In conducting our appellate review, we observe that preliminary objections, the end result of which would be dismissal of the action, may be properly sustained by the trial court only if the case is free and clear of doubt.

*Knight v. Northwest Sav. Bank*, 747 A.2d 384, 386 (Pa.Super.2000), *appeal denied*, 563 Pa. 677, 759 A.2d 923 (2000) (citation omitted). With this standard in mind, we proceed to reach the merits of the instant case.

 ¶ 10 Glassmere's first argument on appeal alleges the existence of an implied and necessary term of the Agreement which obliged Clear to obtain financing for the conversion of the gas station and convenience store into a "BP" store. As noted by the trial court in its 1925(a) statement, the law regarding interpretation of written contractual agreements is well settled:

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud,

accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 497, 854 A.2d 425, 436 (2004) (citation omitted). With regards to writings with an integration clause, such as the Agreement in the case *sub judice*, our Supreme Court in *Yocca* noted that "[a]n integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Id.* Thus, "parol evidence of prior representations is inadmissible as to matters covered by the written agreement with an integration clause, unless the parties agreed that those representations would be added to the written agreement but they were omitted because of fraud, accident, or mistake." *Hart v. Arnold*, 884 A.2d 316, 340 (Pa.Super.2005) (citation omitted). Furthermore, where the contract terms are clear and unambiguous, there is no need to consider other evidence to interpret those provisions. *Solomon v. U.S. Healthcare Systems of Pa., Inc.*, 797 A.2d 346, 349 (Pa.Super.2002), *appeal denied*, 570 Pa. 688, 808 A.2d 573 (2002).

 ¶ 11 To avoid the outcome mandated by these precedents, Glassmere argues that the financing term is implied under the doctrine of necessary implication. Under the doctrine of necessary implication,

> in the absence of an express provision, the law will apply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the

contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract.

*Kaplan v. Cablevision of Pa., Inc.,* 448 Pa.Super. 306, 671 A.2d 716, 720 (1996)(en banc), *appeal denied,* 546 Pa. 645, 683 A.2d 883 (1996) (citing *Frickert v. Deiter Brothers Fuel Company, Inc.,* 464 Pa. 596, 347 A.2d 701 (1975)). "A court may imply a missing term in a parties' contract only when it is necessary to prevent injustice and it is *abundantly clear* that the parties intended to be bound by such term." *Solomon,* 797 A.2d at 350 (citation omitted) (emphasis added). A court should only imply a term into a contract where it is clear that the parties contemplated it or that it is necessary to imply it to carry out the parties intentions. *Slater v. Pearle Vision Center, Inc.,* 376 Pa.Super. 580, 546 A.2d 676, 679 (1988)

■ ¶ 12 After a thorough review of the record and of the parties' briefs, we are unpersuaded by Glassmere's argument that the doctrine of necessary implication applies in the instant case. We may not imply a term requiring that Clear obtain financing when the contract itself gives no indication that Clear intended to be bound by this obligation. Certainly, such an obligation does not appear on the face of the Agreement itself, nor does the Agreement contain any provisions which suggest that financing was even contemplated by either party.

¶ 13 Glassmere's reliance on *Slater* to support its argument that the doctrine of necessary implication applies to the instant case is misplaced. In *Slater,* this Court found it necessary to imply an obligation to occupy the premises within a commercial lease, where several portions of the lease suggested that at the time the lease was executed the parties had contemplated that the tenant would actually occupy and use the premises. This Court in *Slater* concluded that it had found "ample evidence in the lease" that the parties had intended for the tenant to be obligated to occupy the property. *Id.* at 679–680.

¶ 14 We have examined the *Slater* case with care and conclude that it is distinguishable from the situation instantly at issue. In contrast to *Slater,* the Agreement between Glassmere and Clear contains no suggestion, let alone the requisite abundant clarity, that the parties intended that Clear would be obligated to obtain additional financing. *Kaplan v. Cablevision of Pa., Inc.,* 448 Pa.Super. 306, 671 A.2d 716, 720 (1996)(en banc), *appeal denied,* 546 Pa. 645, 683 A.2d 883 (1996) (affirming the grant of a demurrer and refusing to imply a contractual duty to provide continuous, uninterrupted service or unrequested credits for outages when it was unclear the cable company intended to be bound by such obligation). Glassmere may not now attempt to retroactively impose an additional contractual term on Clear that would support its action in breach of contract.

■ ¶ 15 Despite Glassmere's bald assertions that "[v]itiating any obligation on the part of [Clear] . . . not only renders the contract a nullity, but destroys and injures Appellant Glassmere's right to receive the fruits of the contract," Appellant's Brief at 9, such a conclusion is not supported by the record. To the contrary, the detailed language of the Agreement provides that Glassmere would have maintained exclusive rights to provide Clear with "BP" petroleum products over the life of the Agreement. Furthermore, Glassmere was entitled to place a lien on Clear's property and was entitled to be repaid for the equipment supplied. We fail to see how our refusal to imply a financing term within the Agreement, when it appears no such term was contemplated by the parties,

would deprive Glassmere of the benefits of the fruits of the contract to which it fully and knowingly agreed. Rather, it is clear that Glassmere merely wishes that this term had been included so as to protect itself from further risk. "This Court will not rewrite the terms of a contract, nor give them meaning that conflicts with that of the language used." *Diener Brick Co. v. Mastro Masonry Contractor,* 885 A.2d 1034, 1041 (Pa.Super.2005) (citation omitted).

¶ 16 Glassmere further claims that "at the very least, whether the parties contemplated and understood that Appellees Clear were under an implied obligation to obtain financing is a question of fact." Appellant's Brief at 9. While this Court agrees that determining the contractual intent of an ambiguous writing "is a fact-intensive finding subject to an abuse of discretion standard of review," when, as in the *sub judice,* the written instrument is unambiguous, its meaning is a question of law subject to *de novo* review. *John B. Conomos, Inc. v. Sun Co., Inc. (R & M),* 831 A.2d 696, 704–05 (Pa.Super.2003) (citation omitted), *appeal denied,* 577 Pa. 697, 845 A.2d 818 (2004). Thus, where the express terms of the contract are clear, this Court is obliged to determine the parties' intent by the language employed in the agreement, not by the parties' silent intentions. *Palmieri v. Partridge,* 853 A.2d 1076, 1079 (2004) (citation omitted). Furthermore, as noted previously, a party must allege fraud, accident or mistake to escape the binding effects of an integration clause. As Glassmere has not alleged fraud, accident or mistake in failing to include this term in the Agreement, and because we find no mention in the Agreement of any obligation on either Glassmere or Clear to obtain additional financing, Glassmere's argument in this respect must fail.[2]

¶ 17 Because we have already determined that Clear's obligation to obtain additional financing was not an implied term of the Agreement, we need not address Glassmere's final issue on appeal wherein they assert the trial court erroneously made factual determinations beyond the scope of the averments contained in Glassmere's complaint.

¶ 18 Order affirmed.

---

**2.** We are likewise constrained to summarily dismiss Glassmere's contention that the trial court, during proceedings on Clear's preliminary objections, was obligated to accept as true Glassmere's averment as to the existence of an implied term which obligated Clear to obtain financing. When reviewing a trial court's disposition of preliminary objections, this Court is only obligated to consider as true all of the well-pleaded *material facts* set forth in the complaint. *Knight v. Northwest Sav. Bank,* 747 A.2d 384, 386 (Pa.Super.2000), *ap-* peal denied, 563 Pa. 677, 759 A.2d 923 (2000). This Court is not required to accept allegations to the extent that they constitute conclusions of law. *Cable and Assoc. Ins. Agency, Inc. v. Comm'l Nat'l Bank of Pa.,* 875 A.2d 361, 363 (Pa.Super.2005). Because Glassmere's averment as to the existence of an implied term constitutes a legal conclusion, the trial court was not required to accept this contention as true merely because Glassmere included it in its pleading.