J. A26005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH GORZKOWSKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 163 MDA 2015 |
| | : | |
| MODERN GAS SALES, INC. | : | |

Appeal from the Order Entered December 18, 2014,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 14465 of 2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 06, 2015**

Joseph Gorzkowski ("Gorzkowski") appeals from the order entered December 18, 2014, sustaining defendant/appellee, Modern Gas Sales, Inc.'s ("Modern Gas") preliminary objection in the nature of a demurrer and dismissing Gorzkowski's complaint in declaratory judgment.  After careful review, we affirm.

In a prior decision of this court, ***Linda Herman v. Berwick Gas Sales, Inc. and Joseph Gorzkowski***, 984 A.2d 1027 (Pa.Super. 2009), ***appeal denied***, 991 A.2d 313 (Pa. 2010), we summarized the history of this matter as follows:

> Appellant/plaintiff below [Linda Herman ("Herman")] and Appellee Joseph Gorzkowski/defendant[Footnote 1] below are siblings[Footnote 2] who since the late 1970's were involved with their father in three family businesses

---

\* Retired Senior Judge assigned to the Superior Court.

selling propane gas and propane related products. In 1986, after the parties' mother instituted divorce proceedings against their father, he, [Herman], and [Gorzkowski] agreed to issue backdated stock certificates in all three businesses to decrease the father's apparent ownership interest, thus protecting it from exposure to economic claims related to the divorce. Pursuant to this objective, the certificates in Appellee Berwick, the only one of the businesses involved in this appeal, were allocated as 45 shares to [Gorzkowski], 30 to [Herman], and 25 to the father. The parties' parents eventually reconciled, and an oral agreement to return to the father or destroy all the certificates was never executed even when, in the early 1990's demand was made to the parties by their father.[Footnote 3] Their refusal was met by a complaint alleging a conspiracy to defraud filed against the parties and their father by the parties' mother and another sibling who had been involved in the businesses, and who alleged that they were being deprived of their interests.

[Footnote 1] The singular is used to indicate both Appellees.

[Footnote 2] There are three other siblings only one of whom is involved in this matter, and that tangentially.

[Footnote 3] [Gorzkowski] disputed the existence of any such agreement.

In the settlement of that litigation, eventually reached in March of 1998, the parties to the instant matter were given full ownership of Appellee Berwick as well as identical cash payments of $546,600. From that point until 2003, the parties ran the business together, with [Gorzkowski] serving as president of the company and [Herman] as vice president, secretary, and treasurer, each receiving the same weekly salary and benefit package. In 1999 the parties elected to alter the status of their company from a "C" corporation to an "S" corporation. Both the application for "S" status

and the company tax returns from 1998 to 2001 describe them as 50% shareholders.

In early 2003, however, [Herman] and her husband became involved in divorce proceedings, in the course of which [Herman]'s husband requested production of the company's financial records. Operating on the notion that using the stock certificates to indicate [Herman] had only a 30% interest would alleviate the necessity for production of the requested documents, [Gorzkowski] instructed her to do so, and thereafter began relying on the certificates as support for his claim to be a 45% shareholder. The professional relationship between the parties, who had worked together amicably for over 25 years, began to deteriorate at about this time, to the extent that in May of 2003, [Gorzkowski] in his capacity as president of the company terminated [Herman]'s employment and that of her daughter who also worked at Appellee Berwick.

In March of 2003, [Herman] instituted the instant declaratory judgment action against [Gorzkowski] seeking a determination that she is a 50% shareholder, and, at the same time, filed a petition for injunctive relief from [Gorzkowski]'s exclusion of her from the company. After a hearing on the latter, [Gorzkowski] appealed the trial court's entry of a preliminary injunction against him, and its finding that [Herman] had established the likelihood that she owned 50% of Berwick. This Court affirmed. ***Herman v. Berwick Gas Sales, Inc. and Joseph Gorzkowski***, Nos. 927, 1061, 1062 MDA 2003, unpublished memorandum (Pa.Super. filed October 19, 2004).

In November of 2005, [Gorzkowski] moved for summary judgment in the declaratory judgment action on grounds that the 1998 settlement and accompanying release which ended the familial litigation constituted unassailable ***res judicata***, establishing [Herman]'s interest as 30% of Appellee Berwick ***per*** the stock certificates issued

> during the divorce litigation of the parties' parents in 1986. After a hearing, the trial court agreed, and this appeal followed.

*Herman v. Berwick Gas Sales, et al.*, No. 1220 MDA 2008, unpublished memorandum at 1-4 (Pa.Super. filed July 15, 2009). On appeal, this court found the backdated stock certificates to be invalid, and the effects of the 1998 settlement documents on the parties' ownership interests in Berwick to be nugatory. *Id.* at 7. We reversed the order of summary judgment and remanded for further proceedings.

On December 23, 2013, Gorzkowski brought the instant declaratory judgment action, seeking a determination that if the 1998 settlement agreement is invalidated, then he continues as an owner of 40 shares of Modern Gas. Gorzkowski alleges that if the stock certificates were invalid at the time of prior settlement, then neither he nor Herman ever relinquished their ownership interests in Modern Gas. Gorzkowski filed an amended complaint on February 21, 2014, and Modern Gas filed preliminary objections to the amended complaint on March 13, 2014. On December 18, 2014, the trial court sustained Modern Gas's preliminary objection in the nature of a demurrer and dismissed the complaint. A timely notice of appeal was filed on January 16, 2015. Gorzkowski complied with Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

Gorzkowski has raised the following issue for this court's review:

> Did the court err in granting demurrer against declaratory judgment action based on the conclusion

that the action was based on events that may never occur?

Gorzkowski's brief at 4.

> Our scope of review is plenary when reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer. **See Glassmere Fuel Serv., Inc. v. Clear**, 900 A.2d 398, 401 (Pa.Super. 2006). "In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." **Id.** at 402. In conducting appellate review, preliminary objections may be sustained by the trial court only if the case is free and clear of doubt. **See Knight v. Northwest Sav. Bank**, 747 A.2d 384, 386 (Pa.Super. 2000).

**Wheeler v. Nationwide Mut. Fire Ins. Co.**, 905 A.2d 504, 505 (Pa.Super. 2006), **appeal denied**, 916 A.2d 1103 (Pa. 2007).

First, we must determine whether we have jurisdiction over this matter. In his complaint, Gorzkowski alleges that,

> if Herman succeeds, under docket number 48-E of 2003, in establishing invalidity of the subject stock certificates in her effort to claim 50% ownership in Berwick Gas Sales, Inc., she necessarily nullifies Joseph Gorzkowski's relinquishment of ownership interests in Modern Gas Sales, Inc., and that as a result, Joseph Gorzkowski continues as an owner of 40 shares of Modern Gas Sales, Inc.

Gorzkowski's amended complaint, 2/21/14 at 3; RR at 43. The trial court granted Modern Gas's preliminary objections on the basis that there is no actual controversy. Gorzkowski is essentially seeking an advisory opinion

dependent upon a ruling in his favor in the Second Litigation, to which Modern Gas was not a party.

"Declaratory relief is not available unless an actual controversy exists or is imminent or inevitable. Declaratory judgment is not appropriate to determine rights in anticipation of events that may never occur, but is appropriate where there is imminent and inevitable litigation." ***Boyle v. Com., Dep't of Transp.***, 617 A.2d 70, 72 (Pa.Cmwlth. 1992), citing ***Pennsylvania Turnpike Commission v. Hafer***, 597 A.2d 754 (Pa.Cmwlth. 1991).

> [W]e do not have the ability to grant any relief that is merely advisory, one that does not involve any case or controversy. Any action, including a declaratory judgment action, may not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

***Brown v. Com., Liquor Control Board***, 673 A.2d 21, 23 (Pa.Cmwlth. 1996), ***appeal denied***, 683 A.2d 886 (Pa. 1996) (citation omitted). "When the matter does not present a case or controversy, the courts have consistently held that they were without jurisdiction to hear the matter." ***Id. See also McCandless Twp. v. Wylie***, 100 A.2d 590, 592 (Pa. 1953) ("We have held that a declaratory judgment will not be rendered to decide future rights in anticipation of an event which may never happen and that a petition for declaratory judgment is properly dismissed where the proceeding may prove to be merely academic.") (citation omitted).

Instantly, we agree with the trial court that the matter is not ripe for judicial determination and Gorzkowski lacks standing to maintain the action. As the trial court cogently observes,

> In the case pending before us, [Gorzkowski] is asking for a determination of rights in anticipation of events that may never occur. He seeks a declaratory judgment to establish his rights if, and only if, he is unsuccessful in the separate, Second Litigation and if the result in the separate, Second Litigation undermines the settlement in the First Litigation.

Trial court opinion, 4/16/15 at 5-6.

> Defendant Modern Gas was not a party to that action, and an analysis as to the way that corporation is run was never addressed by the Superior Court. What effect the Superior Court decision in the Second Litigation has on the outcome of the ownership interests of Berwick Gas has yet to be determined, and may not have any impact on Modern Gas at all.

*Id.* at 6. We agree. As the Berwick Gas case is still being litigated, Gorzkowski's claim is predicated upon future rulings of the trial court, and he is effectively seeking an advisory opinion in anticipation of events that may or may not occur. Gorzkowski continues to maintain, in the underlying litigation, that he is majority owner of Berwick Gas. (Amended complaint, 2/21/14 ¶ 8.) Gorzkowski merely speculates that final disposition in the Second Litigation will undermine the 1998 settlement and therefore nullify his relinquishment of 40 shares of Modern Gas. As such, there is no actual

controversy and Gorzkowski lacks standing to bring this action in declaratory judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015