J. S14010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEO J. SHANNON T/D/B/A SHANNON REAL ESTATE CO., | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | No. 1221 MDA 2015 |
| PRIDE HEALTH CARE, INC. | : | |

Appeal from the Order Entered June 4, 2015,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2012-10886

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                    **FILED APRIL 21, 2016**

Leo J. Shannon t/d/b/a Shannon Real Estate Co. ("Shannon") appeals from the order of June 4, 2015, sustaining defendant/appellee, Pride Health Care, Inc.'s ("Pride") preliminary objections and dismissing Shannon's amended complaint. After careful review, we affirm.

We have gleaned the following facts from the record. In 1994, Pride agreed to buy a tract of land in Exeter, Pennsylvania, from Gruen Marketing Corporation ("Gruen"), a watch manufacturing company. Pride is a manufacturer of high-end wheelchairs. The agreement of sale, dated November 23, 1994, contained the following provisions:

> 6.6 <u>Brokers</u>. Buyer [(Pride)] represents to the Seller [(Gruen)] that no Broker was instrumental in bringing about this sale and that all negotiations with respect to the terms

---

* Former Justice specially assigned to the Superior Court.

of this Agreement were conducted directly between Buyer and Seller. Buyer agrees that should any claim be made for [a] Broker's commission through or on account of any acts of the Buyer or its representatives, including, but without limitation, a claim by Leo J. Shannon and/or Shannon Real Estate Company, the Buyer will defend and hold the Seller free and harmless from any and all liabilities and expenses therewith, including attorney's fees and costs of suit, subject to Buyer's right, upon notice of such claim by Seller, which notice shall be promptly provided by Seller, to select and engage counsel of its choosing. The provisions of this paragraph shall survive the delivery of the Deed.

6.7 Right of First Refusal. As further consideration to induce Buyer to purchase the Property, Seller grants Buyer a right of first refusal to purchase that portion of the tract and improvements which Seller is retaining, which right of first refusal shall continue as long as Seller owns the remaining tract. In furtherance of the foregoing, in the event Seller receives a bona fide offer to purchase the remaining tract and improvements or any portion thereof from a reputable arms-length third party prospective Purchaser with the reasonable capacity to complete the acquisition, Seller shall, within three days of receipt of such written offer, provide a copy of same to Buyer. Within three (3) days of receipt of such offer, Buyer shall either elect to purchase the remaining tract and make a written offer to purchase on the identical terms proposed by the third party prospective Purchaser, or decline, in which case this right of first refusal shall lapse. If Buyer fails to respond within the three (3) day period afore-referenced, this provision shall lapse.

Agreement of sale, 11/23/94 at 10.

The question of whether or not Shannon is entitled to a broker's commission on the 1994 sale is the subject of pending litigation at case number 1996-C of 1997. In 1998, four years later, Pride purchased an adjacent tract of land from PNC Bank. The property had previously been owned by Gruen. Shannon claimed that it was also entitled to a broker's commission on the 1998 sale, because of the right of first refusal contained in Section 6.7 of the original sales agreement. Shannon brought suit against Pride and Gruen at case number 3263 of 2002, and obtained a default judgment against Gruen in the amount of $156,130.92. Gruen has not appealed that judgment.

On July 18, 2011, Shannon and Pride appeared before the Honorable Kenneth D. Brown, S.J., on Shannon's motion to confirm indemnification and enforce judgment against Pride. Shannon sought to enforce the indemnification provision in Section 6.6 of the sales agreement. Shannon argued that Pride was responsible for paying the default judgment entered against Gruen. Shannon also noted that, "just for procedural purposes, we filed a motion to bifurcate the issues against Gruen versus Pride for the sole purpose of coming here today to enforce the judgment." (Notes of testimony, 7/18/11 at 14.)

In response, Pride argued that the right of first refusal was not exercised. (*Id.* at 17.) According to Pride, a bona fide offer was made to Gruen for the second parcel and Pride refused to exercise its option to

purchase it at that time. (*Id.*) Pride did not purchase the second parcel from PNC Bank until 1998, and another broker was involved in that transaction. (*Id.* at 17-18.) Pride denied that the 1998 sale was consummated pursuant to Section 6.7 of the 1994 sales agreement. (*Id.* at 18.) Therefore, Pride argued that it had no duty to indemnify Gruen for Shannon's broker's commission. (*Id.*)

In addition, Pride argued that Shannon was not a party to the 1994 sales agreement and, in fact, was specifically excluded by Section 6.6. (*Id.* at 17.) The contract was only between Pride and Gruen. (*Id.*) Pride also argued that Shannon was not an intended third-party beneficiary. (*Id.*) Therefore, Shannon would lack standing to enforce the indemnification clause. (*Id.* at 19.)

According to Shannon, it was a third-party beneficiary and the judgment against Gruen allowed it to proceed to levy against Pride under the indemnification clause. (*Id.* at 6.) Shannon pointed out that it was specifically referenced in Section 6.6 by name and the parties clearly contemplated that Shannon was going to attempt to collect a broker's commission from the sale. (*Id.* at 15.) Regarding the application of Section 6.7 to the second sale, Shannon argued that Section 6.7 did not place any time restriction on the right of first refusal. (*Id.* at 22.) The right of first refusal remains in effect as long as the seller owns the remaining tract. (*Id.* at 22-23.)

Counsel for Pride suggested that perhaps the matter should be litigated in a separate action, rather than as a motion to confirm indemnification in the case before Judge Brown:

> [JOSEPH L. VULLO, ESQ.]: My thought would be that it would have to be a third -- another action that would have to be litigated based upon the facts of this. Sort through the facts, whether this indemnification clause applies to the second four-year-later sale.
>
> THE COURT: Would it potentially behoove both parties to treat this matter as a declaratory judgment issue that requires an evidentiary hearing?
>
> MR. VULLO: If the Court would allow some period of discovery, yes, that would not -- I don't think Pride would be opposed to that.
>
> THE COURT: It just appears to me offhand that it seems like it's a declaratory judgment because the Plaintiff is asking the Court to declare these rights and resolve an issue.

*Id.* at 20-21.

Counsel for Shannon disagreed that the indemnification issue could not be litigated as part of the case pending before Judge Brown:

> [WILLIAM E. VINSKO, JR., ESQ.]: While we don't believe it's premature at this point because we have a judgment, we believe that we can enforce this indemnification. For judicial economy sake, I don't believe that a full declaratory judgment action is necessary only because the facts and the issues of how much is owed were actually litigated with counsel present for Pride. And when we had this hearing --
>
> THE COURT: In your judgment against Gruen?

> MR. VINSKO: Judgment against Gruen; I apologize. So any issues that could have been raised could have been raised at that time, and they were not. So, therefore, the evidentiary work, you know, is addressed.

*Id.* at 23-24. Counsel for Pride disagreed that there were no evidentiary issues outstanding:

> And as far as counsel's claim that the evidentiary issues have been resolved by virtue of the default judgment against Gruen, the only evidentiary issues that were resolved there were the amount of damages against Gruen, not whether Pride has any obligation to indemnify Gruen relative to that second sale.

*Id.* at 25.

On August 8, 2011, Judge Brown denied Shannon's "Motion to Confirm Indemnification and Enforce Judgment Against Pride Health Care, Inc.," without prejudice, "because the relief sought by [Shannon] should more properly be considered in the context of a separate and distinct cause of action rather than in the context of the instant motion." (Order, 8/8/11 at 1 ¶1; RR at 97.) Shannon brought the instant declaratory judgment action by filing a complaint against Pride on July 2, 2012, alleging that pursuant to Section 6.6 of the 1994 sales agreement between Pride and Gruen, Pride is responsible for the liability created by the judgment entered against Gruen. Shannon sought a declaratory determination by the court that the 1994 sales agreement requires Pride to pay the liability established through the judgment against Gruen in the amount of $156,130.92 plus interest and

costs; and that Shannon may immediately commence execution on said judgment against Pride.

Pride filed preliminary objections to the complaint, and on February 20, 2015, Pride's preliminary objections were sustained and Shannon's complaint was dismissed, with leave to file an amended complaint within 25 days. An amended complaint was filed on March 16, 2015. Pride again filed preliminary objections on April 6, 2015, together with a brief in support, arguing, *inter alia*, that Shannon lacked standing to sue under the 1994 sales agreement and also failed to join an indispensable party (Gruen). Shannon filed an answer to Pride's preliminary objections on May 1, 2015. On June 4, 2015, the Honorable Michael T. Vough sustained Pride's preliminary objections and dismissed Shannon's complaint with prejudice. Judge Vough attached a memorandum opinion explaining his reasons for sustaining Pride's preliminary objections in the nature of a demurrer. Initially, Judge Vough determined that Shannon lacked standing to sue under the 1994 sales agreement where it was neither a party to that agreement, nor a third-party beneficiary. (Trial court opinion, 6/4/15 at 2.) Judge Vough also found that Shannon failed to join an indispensable party. (*Id.*) Gruen clearly had an interest related to Shannon's claim, and no decree could be entered without impairing that interest. (*Id.* at 3.) Therefore, Shannon's failure to join Gruen as a defendant deprived the court of jurisdiction. (*Id.*)

A timely notice of appeal was filed on July 6, 2015. On August 3, 2015, Shannon was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days; Shannon complied on August 25, 2015, asserting that this declaratory judgment action was filed as a direct consequence of the directive of Judge Brown. (Rule 1925(b) statement, 8/25/15 at 2.) On September 8, 2015, Judge Vough issued a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a)(1), relying on his June 4, 2015 memorandum.

Shannon has raised the following issue for this court's review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN SUSTAINING THE PRELIMINARY OBJECTIONS AND DISMISSING THE AMENDED COMPLAINT IN THE INSTANT CASE WHEN THE HONORABLE SENIOR JUDGE KENNETH BROWN DIRECTED THIS COURSE OF ACTION IN A COLLATERAL MATTER?

Shannon's brief at 3.

> Our scope of review is plenary when reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer. *See Glassmere Fuel Serv., Inc. v. Clear*, 900 A.2d 398, 401 (Pa.Super. 2006). "In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." *Id.* at 402. In conducting appellate review, preliminary objections may be sustained by the trial court only if the case is free and clear of doubt. *See Knight v. Northwest Sav. Bank*, 747 A.2d 384, 386 (Pa.Super. 2000).

***Wheeler v. Nationwide Mut. Fire Ins. Co.***, 905 A.2d 504, 505 (Pa.Super. 2006), ***appeal denied***, 916 A.2d 1103 (Pa. 2007).

The Declaratory Judgments Act provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." 42 Pa.C.S.A. § 7540(a).

> Section 7540(a)'s requirement that all who have an interest in the declaration be made parties to the action is mandatory. ***Konidaris v. Portnoff Law Assocs., Ltd.***, 884 A.2d 348 (Pa.Cmwlth.2005), ***appeal granted***, 588 Pa. 760, 903 A.2d 539 (2006); ***Allegheny County v. Commonwealth***, 71 Pa.Cmwlth. 32, 453 A.2d 1085 (1983). A party is indispensable when his rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. ***Sprague v. Casey***, 520 Pa. 38, 550 A.2d 184 (1988). Failure to join or serve parties as required by the statute is a jurisdictional defect, and may be raised by a court on its own motion at any time, even on appeal. ***Konidaris***; ***Polydyne, Inc. v. City of Phila.***, 795 A.2d 495 (Pa.Cmwlth.2002). Where the defect exists, dismissal is appropriate. ***Konidaris***.

***Pilchesky v. Doherty***, 941 A.2d 95, 101 (Pa.Cmwlth. 2008). "The burden of proving that all interested persons have been made parties to the action, or have received reasonable notice, is on the petitioner." ***Moraine Valley Farms, Inc. v. Connoquenessing Woodlands Club, Inc.***, 442 A.2d 767, 769 (Pa.Super. 1982).

> In ***Mechanicsburg Area School District v. Kline***, 494 Pa. 476, 481, 431 A.2d 953, 956 (1981), our

> Supreme Court set forth the following guidelines for determining whether a party is to be considered indispensable in pending litigation:
>
> 1. Do absent parties have a right or interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?
>
> It has been held that an inquiry into whether a party is indispensable is to be from the prospective [sic] of protecting the rights of the absent party, not from the view of whether the joinder or nonjoinder of a party would make the matter more difficult to litigate. *See E-Z Parks, Inc. v. Philadelphia Parking Authority*, 103 Pa.Cmwlth. 627, 521 A.2d 71 (1987), *appeal denied*, 517 Pa. 610, 536 A.2d 1334 (1987).

*Grimme Combustion, Inc. v. Mergentime Corp.*, 595 A.2d 77, 81 (Pa.Super. 1991), *appeal denied*, 607 A.2d 254 (Pa. 1992).

In this case, even assuming Shannon has standing to enforce the indemnification provision between Pride and Gruen, we agree with the trial court that Gruen is an indispensable party. Gruen's rights relative to the default judgment entered against it will be affected by the outcome of this case. Clearly, Gruen has an interest related to Shannon's claim, and no decree can be entered without impairing that interest. Therefore, Shannon's failure to join Gruen as a defendant deprived the trial court of jurisdiction.

Shannon complains that Judge Brown denied its motion to confirm indemnification and enforce judgment against Pride and indicated that Shannon should re-raise the issue in a separate declaratory judgment action, as it has done. However, Judge Brown's decision in a separate case would not excuse Shannon's failure to join an indispensable party. Moreover, nothing in Judge Brown's order would excuse the failure to include an indispensable party in the declaratory judgment action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2016

- 11 -