CABLE & ASSOCIATES INSURANCE AGENCY, INC. and Paul D. Cable, Appellants,

v.

COMMERCIAL NATIONAL BANK OF PENNSYLVANIA f/k/a Commercial National Bank of Westmoreland County, Appellee.

Superior Court of Pennsylvania.

Argued March 29, 2005.

Filed May 20, 2005.

Donald J. Balsley, Pittsburgh, for appellant.

John C. Hansberry, Pittsburgh, for appellee.

Before: BENDER, POPOVICH and JOHNSON, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellants Cable & Associates Insurance Agency, Inc., and Paul D. Cable appeal the order entered on August 3, 2004, in the Court of Common Pleas of Westmoreland County, that sustained the preliminary objections filed by Appellee Commercial National Bank of Pennsylvania and dismissed Appellants' complaint. Upon review, we affirm.

¶ 2 The relevant facts and procedural history of this case are set forth fully in the trial court's October 1, 2004 Pa.R.A.P. 1925(a) opinion, as follows:

On October 10, 2003, [Appellants] filed a Complaint against [Appellee] under the theories of "Lender's Liability" and "Bad Faith." The facts averred in the Complaint are concisely summarized as follows: On October 30, 1997, [Appellee] agreed to lend [Appellants $2,000,000.00] in exchange for a security interest in all inventory, chattel paper, accounts, equipment, general intangibles, and fixtures, including after acquired collateral. [Appellee] subsequently agreed to lend additional monies to [Appellants] in exchange for collateral in the form of certificates of deposit and real estate. In 1999, [Appellants] made attempts to restructure [loans] and to secure additional credit, but [Appellee] did not consent and, on September 14, 1999, informed [Appellants] that it would not lend [Appellants] any more funds.

Thereafter, [Appellants] arranged to have Bank of America provide a factoring service in order to give [Appellants] sufficient cash flow to pay [bills]. On September 29, 1999, [Appellants] had a meeting with three executives of [Appellee], who informed [Appellants] that there had never been a formal disapproval of the request for a loan, and then "indicated that [Appellee] would release receivables with the value of

[$750,000.00] in favor of Bank of America" in order to provide [Appellants] with the needed cash flow. However, [Appellee] ultimately refused to release the accounts receivable to Bank of America and, consequently, [Appellants were] unable to secure any other financial assistance and lost [the] business.

[Appellants alleged] in Count I of [their] complaint, entitled "Lender Liability," that [Appellee] breached the loan agreements by refusing to release a portion of accounts receivable. [Appellants] further [alleged] that [Appellee] refused to release the accounts receivable, because it intended to transfer the money to a property and casualty insurance business in which [Appellee] had an interest. In addition, [Appellants] averred in Count II of the Complaint, captioned "Bad Faith," that [Appellee] acted in bad faith when it refused to release the accounts receivable.

[Appellee] filed preliminary objections in the nature of a demurrer, [that asserted that] there is no cause of action in Pennsylvania for lender liability and that the cause [of action] must be construed as a breach of contract or breach of fiduciary duty claim. [Appellee] pointed out that its loan agreement did not require it to release the security interest in the receivables and that it did not breach the loan agreement. Furthermore, [Appellee] argued that there is no implied duty of good faith in the lender-borrower relationship.

On August 3, 2004, [the trial court] sustained [Appellee's] preliminary objections. This appeal by [Appellants] followed.

Trial court opinion, 10/1/2004, at 1–2 (citations omitted).

¶ 3 After Appellants filed their notice of appeal to this Court, the trial court ordered Appellants to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b), and they complied. Thereafter, the trial court authored an opinion pursuant to Pa.R.A.P. 1925(a) that addressed the issues presented by Appellants in their concise statement.

¶ 4 Appellants present the following issues for our review:

I.   Whether [Appellants'] complaint sets forth a claim for breach of the contractual duties of good faith and fair dealing?

II.   Whether [Appellants'] complaint set forth a sufficient factual basis for a reasonable inference that [Appellee] acted in bad faith?

Appellants' brief, at 2.

¶ 5 Our standard of review in determining whether a trial court erred in sustaining preliminary objections is well settled. We must consider as true all well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. *Knight v. Northwest Savings Bank,* 747 A.2d 384, 386 (Pa.Super.2000) (citation omitted). However, we are not required to accept a party's allegations as true to the extent they constitute conclusions of law. *Fay v. Erie Ins. Group,* 723 A.2d 712, 714 (Pa.Super.1999) (citation omitted). In conducting our analysis, we observe that preliminary objections, the end result of which would be dismissal of the action, may be properly sustained by the trial court only if the case is free and clear of doubt. *Knight,* 747 A.2d at 386. This Court should affirm a trial court's order sustaining preliminary objections in the nature of a demurrer where, accepting all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts as true, the plaintiff is not entitled to relief. *Small v. Horn,* 554 Pa. 600, 608, 722 A.2d 664, 668 (1998) (citation omitted).

¶6 We will address Appellants' arguments jointly. In *Creeger Brick & Bldg. Supply, Inc. v. Mid–State Bank and Trust,* 385 Pa.Super. 30, 560 A.2d 151 (1989), we explained the legal concept of "good faith" with regard to the law of contracts in the following fashion:

Section 205 of the Restatement (Second) of Contracts suggests that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." A similar requirement has been imposed upon contracts within the Uniform Commercial Code by 13 Pa.C.S. § 1203. The duty of "good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned." *See:* 13 Pa.C.S. § 1201; Restatement (Second) of Contracts § 705, Comment a. Where a duty of good faith arises, it arises under the law of contracts, not under the law of torts. *AM/PM Franchise Association v. Atlantic Richfield Co.,* 373 Pa.Super. 572, 579, 542 A.2d 90, 94 (1988); *[see also] Clay v. Advanced Computer Applications, Inc.,* 370 Pa.Super. 497, 505 n. 4, 536 A.2d 1375, 1379 n. 4 (1988), *allocatur granted,* 518 Pa. 647, 544 A.2d 959 (1988).

*Creeger,* 560 A.2d at 153.

¶7 The courts of this Commonwealth have, in addition to the general contractual concept of "good faith," recognized a duty of "good faith" inherent in certain types of legal relationships, such as insurer and insured. *Creeger,* 560 A.2d at 153. Such an inherent duty of good faith does *not* extend to the lender-borrower relationship. *Id.,* 560 A.2d at 154. As we explained in *Creeger,* a lending institution does not violate a separate duty of good faith by adhering to its agreement with the borrower or by enforcing its legal and contractual rights as a creditor. *Id.,* 560 A.2d at 154. However, a borrower may plead sufficient facts to make out a claim that a lender violated its general duty of "good faith" arising out of the law of contracts. *See, e.g., Corestates Bank, N.A. v. Cutillo,* 723 A.2d 1053 (Pa.Super.1999). Therefore, the creation of a separate duty of good faith between lender and borrower is unnecessary due to the existence of this "good faith" cause of action sounding in contract, as well as the existence of other causes of action such as fraud, slander, or interference with prospective contractual relations, which sound in tort. *Creeger,* 560 A.2d at 154.

¶8 A party proceeding on the theory that a lender violated its contractual duty of good faith must demonstrate more than the fact that a lender negotiated terms of a loan which are favorable to itself. *Creeger,* 560 A.2d at 154. Further, the duty of good faith imposed upon contracting parties does not compel a lender to surrender rights granted by statute or conferred to the lender by the terms of the loan contract. *Id.,* 560 A.2d at 154. As such, a lender generally is not liable for harm caused to a borrower by refusing to advance additional funds, release collateral, or assist in obtaining additional loans from third persons. *Id.,* 560 A.2d at 154.

¶9 In the present case, the essence of Appellants' argument is that Appellee violated its contractual duty of good faith by refusing to surrender its security interest on Appellants' property (accounts receivable) so that Appellants could sell or transfer the property. Regardless of negotiations that Appellants may have had with Appellee's executives, Appellee's ultimate decision to exercise its contractual right to retain a security interest in Appellants' property, as a matter of law, cannot constitute a breach of contractual good faith. *See Creeger,* 560 A.2d at 154 (duty of good faith imposed upon contracting parties does not compel lender to surren-

der rights which statute or terms of contract confer on lender). Therefore, Appellee is not liable for the harm caused to Appellants by its refusal to release the accounts receivable. *Id.,* 560 A.2d at 154.[1]

¶ 10 Moreover, as found by the trial court, Appellants' complaint lacks a sufficient factual basis upon which Appellants' bad faith claim could be founded. Appellants alleged in the complaint that Appellee acted dishonestly by withholding its accounts receivable so that Appellee could transfer these accounts receivable to a property and casualty company owned partially by Appellee. First, an allegation of fraud must be pleaded with particularity. *See* Pa.R.Civ.P. 1019(b). Appellants' bald assertions fall far short of this requirement. Appellants' allegations fail to name this third company, they do not indicate what degree of ownership Appellee had with this company, and they do not indicate whether, after the dissolution of Appellants' business, the accounts receivable were, in fact, transferred to this third, unnamed entity.

¶ 11 Further, even if we were to assume that Appellants were not alleging fraudulent behavior on the part of Appellee, Appellants' complaint still fails to allege a sufficient factual basis for violation of the contractual duty of good faith. Pennsylvania Rule of Civil Procedure 1019(b) provides that malice, intent, knowledge, and other conditions of mind may be averred generally, but this permissive pleading rule did not obviate the central requirement of our fact-pleading system, *i.e.,* that the pleader must define the issues and every act or performance essential to that end must be set forth in the complaint. *See Cafazzo v. Central Medical Health Servs.,* 430 Pa.Super. 480, 635 A.2d 151, 152 (1993); *see also Ammlung v. Platt,* 224 Pa.Super. 47, 302 A.2d 491 (1973) (holding that Pa.R.Civ.P. 1019(b) did not eliminate requirement of pleading factual circumstances giving rise to inference of state of mind of actor). As stated above, there are *no facts* in Appellants' complaint from which a court could derive a reasonable inference regarding Appellee's state of mind with regard to its alleged improper behavior with the unnamed company or draw a reasonable inference that such improper behavior occurred.[2] Therefore, we are satisfied that the trial court did not err in sustaining Appellee's preliminary objections, and, as such, we affirm its order.

¶ 12 Order affirmed.

---

1. The trial court concluded that Appellant Paul D. Cable lacked the capacity, as an individual, to sue Appellee for breach of the loan contract or breach of contractual good faith. Appellants do not challenge the trial court's conclusion.

2. Appellants also assert in the complaint that Appellee informed them incorrectly that they had overdrawn their account by $240,000.00, and that, through discovery, they would develop the motive for this erroneous statement. Accepting Appellants' assertion as true, this fact falls far short of establishing an *essential* fact regarding Appellants' bad faith claim. *See Cafazzo,* 635 A.2d at 152.