**First National Bank of Pennsylvania v. Kelly**

C.P. of Lawrence County, no. 11998-08, C.A.

*Joseph A. Fidler,* for plaintiff.
*P. Raymond Bartholomew,* for defendants.
*James W. Manolis,* for additional defendants.

PICCIONE, *J.,* December 28, 2010—Before this court for disposition is plaintiff's motion for summary judgment. The current action arose out of a guaranty agreement between First National Bank of Pennsylvania, successor by merger to the First National Bank of Slippery Rock, (hereinafter, the "plaintiff") and Timothy S. Kelly and Sharon L. Kelly (hereinafter, the "defendants"). In the guaranty dated May 24, 2002, the defendants "absolutely and unconditionally" guaranteed the "payment and performance of the debt, liability, or obligation" of K & M Feeds, Inc. (hereinafter, "K & M") to the plaintiff, pursuant to a note dated May 24, 2002 in the amount of $347,000.00. Pl.'s Ex. A. On December 1, 2008, the plaintiff filed a complaint alleging that the defendants, were in default under the guaranty and that the defendants owed plaintiff $313,781.36.

On July 2, 2009, the defendants filed a complaint joining additional defendants. In it, the defendants allege that, together with Carl V. Mace and Cindy A. Mace (hereinafter, the "additional defendants), they became involved with K & M in December of 1995. Several years later, the additional defendants agreed to purchase the defendants' shares in K & M for $40,000.00. A promissory judgment note and an agreement fixing the buyout price were signed on January 1, 2002. According to the complaint, the

defendants then entered into the guaranty agreement with the plaintiff because they recognized that K & M would need financing. Defendants allege that, two years later in April of 2004, the defendants transferred their stock in K & M to the additional defendants in exchange for the additional defendants' oral promise that the defendants would be released from any obligations related to K & M. Pursuant to an order of court dated January 11, 2010, defendants were permitted to join additional defendants in this lawsuit.

On February 18, 2010, plaintiff filed the instant motion for summary judgment, in which it is alleged that each of the eight defenses raised by defendants in their answer is without merit. On September 17, 2010, defendant filed a brief in opposition to plaintiff's motion, raising the following four issues:

Whether judgment against guarantors is precluded when there are open issues as to liability against additional defendants.

Whether defendants' defense of "good faith and fair dealing" presents a question that calls for judicial scrutiny.

Whether the guaranty agreement lacks requisite language for waiver of the "impairment of collateral" defense.

Whether there are other points giving rise to genuine issues of material fact, thus precluding summary judgment. Def.'s Br. at 2.

In their response and brief, defendants fail to support several of the defenses raised in their answer. The court

heard oral argument regarding plaintiff's motion on September 27, 2010. During the argument, defendants withdrew the defenses not addressed in their response and brief.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states that:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.,* 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S.*

*v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149, 723 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (Pa. 1994)).

Preliminarily, defendants claim that plaintiff's motion should be denied at this time because there are open issues as to who is liable for K & M's debt to plaintiff. In support of their argument, defendants point to the oral agreement between defendants and additional defendants which provided for the release of defendants from any liability to plaintiff. According to defendants, this agreement, which was executed two years after the guaranty was signed, was to be put in writing and that the documentation was handled by attorney Robert D. Clark. None of that documentation has been produced. Nevertheless, defendants argue that their agreement with additional defendants creates a question as to who is responsible for the debt owed to plaintiff.

Defendants cite no Pennsylvania authority supporting their argument. Defendants also fail to indicate why their agreement with additional defendants should affect plaintiff's rights under the guaranty. Plaintiff was not involved in the agreement between defendants and additional defendants and should not be bound by the terms of such an agreement. Furthermore, the guaranty provided that defendants "waive[d] any and all defenses, claims and discharges of [K & M], or any other obligor, pertaining to indebtedness, except the defense of discharge by payment in full." Pl.'s Ex. A. As a result, defendants' oral agreement with additional defendants does not create open issues as to who is liable for the debt owed to plaintiff. The guaranty unequivocally states that defendant is responsible for repayment.

Defendants' next argument is that plaintiff violated the duty of good faith and fair dealing by failing to give defendants notice of K & M's default until eleven months after the default occurred. In Pennsylvania, "a borrower may plead sufficient facts to make out a claim that a lender violated its general duty of 'good faith' arising out of the law of contracts." *Cable & Associates Insurance Agency, Inc. v. Commercial National Bank of Pennsylvania*, 875 A.2d 361, 364 (Pa. Super. 2005) (citing *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053 (Pa. Super. 1999)). "However,...a lending institution does not violate a separate duty of good faith by adhering to its agreements with a borrower or enforcing its contractual rights as a creditor." *Heritage Surveyors & Engineers, Inc. v. National Penn Bank*, 801 A.2d 1248,1253 (Pa. Super. 2002).

> The duty of good faith imposed upon contracting parties does not compel a lender to surrender rights which it has been given by statute or by the terms of its contract. Similarly, it cannot be said that a lender has violated a duty of good faith merely because it has negotiated terms of a loan which are favorable to itself. *Creeger Brick and Building Supply Inc. v. Mid-State Bank and Trust Company*, 560 A.2d 151, 154 (Pa. Super. 1989).

"A lending institution...is not required to delay attempts to recover from a guarantor after the principal debtor has defaulted." *Creeger*, 560 A.2d at 154.

In the present case, plaintiff always acted in conformity with the terms of the note and guaranty and was under no obligation to extend the maturity date of the note or to provide defendants with earlier notice. The guaranty provides that defendants' liability is not to be affected by

"any delay or lack of due diligence in the enforcement of the Indebtedness[.]" Pl.'s Ex. A. In addition, the guaranty states that defendants "waive[d] presentment, demand for payment, notice of dishonor or nonpayment, and protest of any instrument evidencing Indebtedness." *Id.* Because plaintiff was merely exercising its express contractual rights, plaintiff's actions do not, as a matter of law, constitute a breach of the contractual duty of good faith and fair dealing. *Cable & Assoc. Ins. Agency, Inc.*, 875 A.2d at 364 (citing *Creeger*, 560 A.2d at 154).

Defendants also question whether the guaranty lacks the requisite language for a waiver of the "impairment of collateral" defense. Initially, the court notes that there is nothing in the record indicating that plaintiff liquidated any assets of K & M. As a result, the defense of impairment of collateral does not appear to be applicable in this case. Nevertheless, a review of the guaranty suggests that requisite language for a waiver of the defense was included. The Superior Court has repeatedly stated that when a "guaranty is absolute and unconditional and does not require the creditor to take any action to preserve the security, the creditor's failure to do so will not relieve the surety's obligation to pay upon default." *McKeesport National Bank v. Rosenthal*, 513 A.2d 434, 436 (Pa. Super. 1986) (citing *First National Consumer Discount Co. v. McCrossan*, 486 A.2d 396, 399 (Pa. Super. 1984); *Continental Leasing Corp. v. Lebo*, 272 A.2d 193 (Pa. Super. 1970)). It is clear from a review of the guaranty that it is absolute and unconditional and does not require plaintiff to take any action to preserve the collateral. Therefore, the impairment of collateral defense is not available to defendants.

Before addressing defendants' final issue, which questions plaintiff's calculation of the amount owed, it is necessary to address plaintiff's claim that defendants are in default, an allegation that defendants deny in their answer and new matter but not in their brief and response to plaintiff's, motion for summary judgment. In their answer, defendants state that they "can neither admit nor deny whether there has been an occurrence of default under the note; hence the defendants deny that the plaintiff has any lawful basis for asserting a default under the guaranty." Def.'s answer. In their new matter, defendants allege that:

10. The note signed by K & M Feeds, Inc. under date of May 24, 2002 never went into default; hence the plaintiff had no lawful cause to declare the guaranty signed by the defendants to be in default. The following factors are noted:

a. The Note calls for payments from K & M Feeds, Inc., the principal borrower, at the rate of $3,130.00 per month; and, to the best of the defendants' knowledge, said borrower did not default in making those payments Def.'s new matter.

In their pleadings, defendants generally deny any default and imply that any failure to make payments is the fault of additional defendants, who had allegedly assumed the obligation to pay plaintiff pursuant to the oral agreement between defendants and additional defendants.

The note indicates that the "final payment of the entire unpaid balance of principal and interest will be due May 25, 2007." Pl.'s Ex. B. According to the loan history report

attached to plaintiff's motion, a substantial portion of the borrowed sum remained to be paid on that date. Further, $249,975.47 remained to be paid on April 2, 2009, the last date listed on the loan history report. Under the terms and conditions of the guaranty and note, K & M was in default on the date that the note matured, May 25, 2007. Defendants offer no evidence tending to disprove default, and their general denials are insufficient to create a genuine issue of material fact. The record clearly reveals that K & M is in default due to defendants' failure to comply with the terms and conditions of the guaranty and note. Therefore, in accordance with Pa.R.C.P. 1029(b), defendants' general denials are deemed admissions to plaintiff's allegation of default.

In their final issue, defendants ask whether there are other points giving rise to genuine issues of material fact; however, defendants only question the amount of interest and attorney's fees demanded by plaintiff. Plaintiff demands payment of interest in the amount of $43,905.33 and payment of attorney's fees in the amount of $22,566.34. Defendants assert that the amounts requested are unexplained, excessive, and unreasonable. Plaintiff argues that it is entitled to interest, fees, and other costs in accordance with the terms and conditions of the guaranty and note. Although the guaranty and note require payment of these expenses, plaintiff has not offered any evidence supporting the amount of interest, fees, and costs demanded. Because plaintiff has failed to meet its burden of establishing the specific amount owed, plaintiff's motion for summary judgment is denied on the issue of damages. Plaintiff's motion is granted on the issue of liability.

## ORDER OF COURT

And now, December 28, 2010, the court having held oral argument on September 27, 2010 regarding plaintiff's motion for summary judgment, with Joseph A. Fidler, Esquire, appearing and representing the plaintiff, and P. Raymond Bartholomew, Esquire, appearing and representing the defendants, and James W. Manolis, Esquire, representing the additional defendants, it is hereby ordered, adjudged and decreed as follows:

1.   Plaintiff's motion for summary judgment is granted on the issue of defendants' liability pursuant to the attached opinion.

2.   Plaintiff's motion for summary judgment is denied on the issue of damages pursuant to the attached opinion.

3.   The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.