J-A27024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK A. REARICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELDERTON STATE BANK, | |
| Appellee | No. 1769 WDA 2014 |

Appeal from the Order Entered October 24, 2014
In the Court of Common Pleas of Armstrong County
Civil Division at No(s): 1615-2012

| | |
|---|---|
| MARK A. REARICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELDERTON STATE BANK, | |
| Appellee | No. 1770 WDA 2014 |

Appeal from the Order Entered September 24, 2014
In the Court of Common Pleas of Armstrong County
Civil Division at No(s): 1615-2012

BEFORE:  BOWES, OLSON & STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2015**

Appellant, Mark A. Rearick, appeals from the orders entered on September 24, 2014 and October 24, 2014, sustaining preliminary objections complaint filed by Elderton State Bank (ESB) and dismissing Appellant's complaint.  Upon review, we affirm.

We briefly set forth the facts and procedural history of this case as follows.[1] This case concerns the development of a commercial real estate venture, generally referred to as the Saltwork Project, in Elderton, Pennsylvania. In 2006, Appellant secured a $205,000.00 loan from ESB, secured by the property and guaranteed by Appellant. In July 2007, ESB loaned Appellant an additional $443,000.00 to begin construction. Appellant and ESB agreed to expand the Saltwork Project from approximately 11,000 square feet of rental space to just under 16,000 square feet. In January 2008, ESB agreed to lend Appellant a total of $1,200,000.00 and Appellant secured the loan with several unrelated residential properties. Appellant transferred these properties to ESB via deeds in lieu of foreclosure.[2] By the end of 2008, the Saltwork Project was two-thirds completed when Appellant requested another $1,000,000.00 to finish construction. ESB would not lend additional funds because Appellant had received the bank's maximum credit limit. In October 2008, ESB recommended an investor, Tom Smith, to Appellant. Smith loaned Appellant $875,000.00 and the Saltwork Project was completed.

_____

[1] A more detailed account of this case may be found in this Court's prior memorandum filed on July 23, 2014. **See Rearick v. Elderton State Bank**, 2014 Pa. Super. 157.

[2] Appellant owned another residential property that he also used to secure the loans for the Saltwork Project. However, this property was not transferred through deeds in lieu of foreclosure. As discussed **infra**, ESB later filed a complaint against Appellant to foreclosure on this property.

In September 2009, Appellant defaulted on his loans citing poor economic conditions and low rental rates. Prior to default, however, on June 1, 2009, ESB executed the deeds in lieu of foreclosure on the residential properties used by Appellant to secure the Saltwork Project loan. In October 2010, Smith purchased the Saltwork Project at auction for $450,000.00; the Saltwork Project was appraised at approximately $1,450,000.00. Thereafter, in January 2011, ESB filed an action in mortgage foreclosure on the residential property owned by Appellant, used to secure the ESB loan, which was not one of the properties transferred through deeds in lieu of foreclosure. In June 2012, the trial court granted summary judgment for ESB in the mortgage foreclosure action. Appellant did not appeal that decision.

On October 24, 2012, Appellant filed a complaint against ESB, alleging claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, alter ego, and negligence. On December 13, 2012, ESB filed preliminary objections to the complaint. In particular, ESB demurred based on *res judicata* on the theory that Appellant should have raised his claims in the earlier foreclosure action. The trial court agreed and sustained ESB's preliminary objection on *res judicata* grounds, concluding that the substance of Appellant's claims could, and therefore should, have been raised in the earlier foreclosure action. The trial court dismissed ESB's remaining preliminary objections as moot. On appeal, after a lengthy discussion regarding permissive counterclaims in a mortgage foreclosure

action, we remanded the matter for the trial court to rule on Appellant's remaining preliminary objections or to allow Appellant to amend his complaint.

On September 24, 2014, by order and accompanying opinion, the trial court sustained ESB's remaining preliminary objections and dismissed Appellant's complaint. On October 14, 2014, without leave of court, Appellant filed an amended complaint. He then filed a motion for leave of court and an amended complaint on October 24, 2014. The trial court entered an order on October 24, 2014 denying Appellant's request for leave to file an amended complaint. This timely appeal followed.[3]

On appeal, Appellant presents the following issues for our review:

> 1. Whether the trial court erred when it, after sustaining
>    ESB's preliminary objections and dismissing [Appellant's]

_____

[3] On October 24, 2014, Appellant filed a notice of appeal from the order entered on September 24, 2014 granting ESB's preliminary objections and dismissing Appellant's complaint. On that same date, Appellant also filed a notice of appeal from the order entered on October 24, 2014, denying Appellant's motion to amend his complaint. On October 27, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) for both matters. On November 14, 2014, Appellant filed separate Rule 1925(b) statements. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2014. In that opinion, the trial court addressed the issues pertaining to Appellant's request to amend his complaint and relied upon its earlier decision, issued on September 24, 2014, for its rationale in sustaining preliminary objections and dismissing Appellant's complaint. Appellant terms the instant proceedings as "consolidated appeals." In fact, Appellant simply challenges two separate orders in the same case. Accordingly, we refer to these proceedings as a single appeal.

[c]omplaint, did not allow [Appellant] to amend the [c]omplaint.

2. Whether the trial court erred when it denied [Appellant's] request to file an amended complaint.

3. Whether in the course of disposing of ESB's preliminary objections to count I of [Appellant's] [c]omplaint, the trial court erred when it determined that [Appellant] failed to plead facts sufficient to establish that ESB owed [Appellant] a duty of good faith and fair dealing.

4. Whether in the course of disposing of ESB's preliminary objections to count I of [Appellant's] [c]omplaint, the trial court erred when it determined that [Appellant] failed to plead facts sufficient to establish that ESB could have breached a duty of good faith and fair dealing that it owed to [Appellant].

5. Whether in the course of disposing of ESB's preliminary objections to count II of [Appellant's] [c]omplaint, the trial court erred when it determined that [Appellant] failed to plead facts sufficient to establish that ESB owed [Appellant] a fiduciary duty.

6. Whether in the course of disposing of ESB's preliminary objections to count II of [Appellant's] [c]omplaint, the trial court erred when it determined that for [Appellant] to advance a cause of action for breach of fiduciary duty, [Appellant] must plead facts sufficient to prove that Thomas Smith was ESB's agent, expressly or implicitly authorized to make decisions and take actions binding on ESB.

7. Whether in the course of disposing of ESB's preliminary objections to count II of [Appellant's] [c]omplaint, the trial court erred when it determined that [Appellant] failed to plead facts sufficient to establish that Thomas Smith was ESB's agent, expressly or implicitly authorized to make decisions and take actions binding on ESB.

8. Whether in the course of disposing of ESB's preliminary objections to count III of [Appellant's] [c]omplaint, the

trial court erred in determining that the *alter ego* theory of liability is inapplicable to this case.

9. Whether in the course of disposing of ESB's preliminary objection to count III of [Appellant's] [c]omplaint, the trial court erred in determining that [Appellant] did not plead facts sufficient to establish a *prima facie* case for *alter ego* liability.

10. Whether in the course of disposing of ESB's preliminary objections to count IV of [Appellant's] [c]omplaint, the trial court erred in determining that [Appellant's] claim for negligence is barred by the economic loss doctrine.

11. Whether in the course of disposing of ESB's preliminary objections to count IV of [Appellant's] [c]omplaint, the trial court erred in determining that [Appellant] did not plead facts sufficient to establish a *prima facie* case for negligence.

Appellant's Brief at 4-5.

Our review of a challenge to a trial court's decision to sustain preliminary objections is guided by the following standard:

Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained,

it should be resolved in favor of overruling the preliminary objections.

***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

We have reviewed the certified record, the parties' briefs, the relevant law, and the trial court's opinion entered on September 24, 2014. That opinion thoroughly and accurately disposes of Appellant's issues regarding ESB's preliminary objections. Thus, we adopt that decision as our own. We briefly recount the trial court's determinations here.

First, the trial court determined Appellant failed to present sufficient allegations of fact to establish a claim for breach of the contractual duty of good faith and fair dealing, relying upon this Court's decisions in ***Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Trust Co.***, 560 A.2d 151, 153 (Pa. Super. 1989) and ***Cable & Associates Ins. Agency, Inc. v. Commercial Nat. Bank of Pennsylvania***, 875 A.2d 361, 362 (Pa. Super. 2005). The trial court noted that Appellant did not aver ESB violated the terms of any executed loan documents, made specific misrepresentations, or committed fraud. Moreover, the trial court determined that Appellant, not ESB, decided to expand the Saltwork Project and requested additional funding. Additionally, the trial court opined Appellant failed to set forth facts that gave rise to ESB's independent duty of good faith, based solely upon Appellant's unsubstantiated allegation that his family had done business with ESB for more than 50 years. Thus, the trial court determined Appellant had not set forth a viable claim for breach of the contractual duty of good faith

and fair dealing as a matter of law and sustained ESB's demurrer on this count of Appellant's complaint. We discern no legal error or abuse of discretion.

Next, the trial court examined ESB's preliminary objection to Appellant's breach of fiduciary claim. The trial court determined Appellant failed to present facts showing that ESB directly controlled Appellant's business decisions or managed the funds used to finance the construction of the Saltwork Project. It further concluded Appellant failed to plead facts sufficient to establish an agency relationship between ESB and Smith. Instead, Appellant only alleged that Smith acted as an independent investor who rendered opinions regarding construction and possible tenants. The trial court found there was no indication that ESB or Smith managed the daily operations of the Saltwork Project. Thus, the trial court sustained ESB's demurrer to Appellant's breach of fiduciary claim. Again, we discern no error of law or abuse of discretion.

Regarding negligence, the trial court concluded Appellant's claim was barred by the economic loss doctrine, because no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage. Here, Appellant's alleged damages included only the loss of his economic investment in property. Moreover, citing our decision on remand, the trial court held that Appellant's claim that ESB frivolously sold off Appellant's properties, or that Smith subsequently acquired properties improperly, should have been raised during the

mortgage foreclosure action. Thus, the trial court determined Appellant's negligence claim was barred by the economic loss doctrine. We agree.

Finally, with regard to Appellant's alter ego claim, the trial court found that the claim was largely duplicative of Appellant's fiduciary duty claim. Moreover, it noted the alter ego theory is a means of piercing the corporate veil and assessing liability for the acts of a corporation against an equity holder in the corporation. The trial court opined that there were no allegations that Appellant or the Saltwork Project were themselves corporate entities or that Appellant claimed that ESB shareholders were responsible for his damages. Thus, the trial court sustained ESB's preliminary objection in the nature of a demurrer to Appellant's claim under the alter ego theory of liability. Again, we discern no abuse of discretion or error of law.

We turn, now, to Appellant's claims regarding the trial court's denial of his request to file an amended complaint. Recently, our Court has stated:

> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile.... However, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading....
>
> Nevertheless, a defective pleading that cannot be cured by amendment is appropriately dismissed upon a demurrer.

*Juszczyszyn v. Taiwo*, 113 A.3d 853, 856 (Pa. Super. 2015) (internal citations omitted).

Here, in its December 11, 2014 opinion, the trial court determined Appellant was not entitled to amend his complaint. First, the trial court deduced that Appellant did not request leave of court prior to filing his first amended complaint. Pursuant to Pa.R.Civ.P. 1028(e), the trial court concluded that Appellant failed to file a motion for leave within 20 days of the order dismissing his complaint and, thus, his request to amend was untimely. The trial court further declared Appellant never presented a proper and timely filed motion for leave. Instead, without advance notice, Appellant presented a single motion to file the prior amended complaint at the same time he filed a second amended complaint. Finally, and most importantly, the trial court stated that on October 24, 2014, at motions court, Appellant's counsel specifically requested, with Appellant's express written consent, that the trial court deny the motion to amend. Thus, the trial court concluded that Appellant could hardly complain about the entry of an order that was requested and to which he consented. In sum, the trial court concluded Appellant's motion to amend his complaint was untimely, procedurally defective, and denied at Appellant's request with his express consent. Upon review, we agree.

Therefore, we conclude there has been no error or abuse of discretion in this case and that the trial court's September 24, 2014 and December 11, 2014 opinions meticulously, thoroughly, and accurately dispose of

Appellant's issues on appeal. Therefore, we affirm on the basis of the trial court's opinions and adopt them as our own. Because we have adopted the trial court's opinions, we direct the parties to include the trial court's opinions in all future filings relating to our examination of the merits of this appeal, as expressed herein.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015